# UNITED STATES DISTRICT COURT
# IN THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| FRANCES A. WINN AND THOMAS J. WINN | PLAINTIFFS |
| v. | CIVIL ACTION NO. 1:07cv1019ILG-JMR |
| HARRISON COUNTY, MISSISSIPPI; HARRISON COUNTY SHERIFF'S DEPARTMENT; SHERIFF GEORGE PAYNE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS HARRISON COUNTY SHERIFF; RICK GASTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; PHIL TAYLOR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; DIANNE GATSON-RILEY, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; STEVE CAMPBELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND UNKNOWN DEFENDANTS 1-10 | DEFENDANTS |

## ANSWER AND DEFENSES OF DEFENDANTS HARRISON COUNTY SHERIFF'S DEPARTMENT, SHERIFF GEORGE PAYNE, JR., AND PHIL TAYLOR, OFFICIALLY AND IN THEIR INDIVIDUAL CAPACITIES

COME NOW Defendants, Harrison County Sheriff's Department, Sheriff George Payne, Jr., Officially and in His Individual Capacity as Sheriff of Harrison County, and Phil Taylor, in his Official and Individual Capacity, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and file their Answer, Defenses and Affirmative Defenses to the Complaint as follows, to wit:

### FIRST DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. seq., including the notice requirements of §11-46-11.

## SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The Complaint should be dismissed as to Harrison County Sheriff's Department pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, inasmuch as there is no such legal entity.

## FOURTH DEFENSE

The Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8(c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FIFTH DEFENSE

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

## SIXTH DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted

and/or promulgated by these Defendants. These Defendants neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

## COMPLAINT

## PARTIES

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

2. In response to the statements contained in Paragraph 2, these statements are not directed at these answering Defendants, and therefore, do not require a response from these answering Defendants as phrased.

3. In response to the allegations contained in Paragraph 3 of the Complaint, it is admitted that the Harrison County Sheriff's Department is an extension of the County rather than a separate legal entity that may be named as a party in an action. However, all remaining allegations are denied as phrased.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendants would state that it is admitted that at all relevant times, Defendant George Payne, Jr., was the duly elected Sheriff of Harrison County, Mississippi, and that he was at all relevant times acting within the course and scope of his employment as the duly elected Sheriff of Harrison County, Mississippi, with all the duties and responsibilities that office legally requires of him. Out of an abundance of caution, all

remaining allegations contained in this paragraph of the Complaint are denied.

5. In response to the statements contained in Paragraph 5 of the Complaint, Defendants would state the these statements are not directed at these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

6. In response to the allegations contained in Paragraph 6 of the Complaint, Defendants would state that it is admitted that at all relevant times, Phil Taylor was employed by the Harrison County Sheriff's Department and that he was at all relevant times acting within the course and scope of his employment, with all the duties and responsibilities that his position legally requires of him. Out of an abundance of caution, all remaining allegations contained in this paragraph of the Complaint are denied.

7. In response to the statements contained in Paragraph 7 of the Complaint, Defendants would state that these statements are not directed at these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

8. In response to the statements contained in Paragraph 8 of the Complaint, Defendants would state the these statements are not directed at these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

9. In response to the statements contained in Paragraph 9, these statements are not directed to these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

10. In response to the statements contained in Paragraph 10, these statements are not directed to these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

11. In response to the statements contained in Paragraph 11, these statements are not directed to these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

12. In response to the statements contained in Paragraph 12, these statements are not directed to these answering Defendants and therefore do not require a response from these answering Defendants as phrased.

**JURISDICTIOIN**

13. To the extent the allegations contained in Paragraph 13 of the Complaint make any allegations of liability against these answering Defendants, said allegations are denied. However, the Defendants admit that this Honorable Court has subject matter jurisdiction herein.

**VENUE**

14. To the extent the allegations contained in Paragraph 14 of the Complaint make any allegations of liability against these answering Defendants, said allegations are denied. However, the Defendants admit that venue is proper in this Court.

**FACTS AND ALLEGATIONS**

15. In response to the allegations contained in Paragraph 15 of the Complaint, these answering Defendants admit that on or about April 16, 2005, Frances Winn and Thomas Winn were involved in a domestic violence dispute and were

subsequently taken into custody by the Harrison County Sheriff's Department and then transported to the Harrison County Adult Detention Center facility. In response to the remaining allegations contained in Paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these remaining allegations are denied.

16. In response to the allegations contained in Paragraph 16 of the Complaint, it is admitted that Thomas Winn was released on April 16, 2005 and Frances Winn was released on April 17, 2005. However, all remaining allegations are denied.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

18. In response to the allegations in Paragraph 18 of the Complaint, it is admitted that Frances Winn was placed in a holding cell in the booking department of the Harrison County Adult Detention Center. However, the remaining allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. In response to the allegations contained in Paragraph 23 of the Complaint, it is admitted to the extent that Frances Winn was relocated from the

booking room to a different section at the jail; however, the remaining allegations of Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. In response to the allegations contained in Paragraph 27 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. In response to the allegations contained in Paragraph 29 of the Complaint, it is admitted that Frances Winn was released on April 17, 2005; however, in response to the remaining allegations contained in Paragraph 29 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

30. In response to the allegations contained in Paragraph 30 of the Complaint, it is admitted to the extent that on or about April 18, 2005, Thomas Winn entered the Harrison County Sheriff's office at the Courthouse and subsequent to that, the Harrison County Adult Detention Center. It is also admitted that on or about April 19, 2005, that Sheriff Payne met with Thomas Winn and discussed Mr. Winn's allegations and the Sheriff's Department's investigation into said allegations. However, all remaining allegations of Paragraph 30 are of the Complaint are denied.

31. In response to the allegations contained in Paragraph 31 of the Complaint, it is admitted that on or about April 20, 2005, Thomas Winn delivered a citizen's complaint form to the Harrison County Adult Detention Center. However, the remaining allegations are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. In response to the allegations contained in Paragraph 33 of the Complaint, it is admitted that Defendant Steve Campbell investigated Mr. Winn's allegations and the alleged incident. It is also admitted that Defendant Campbell telephoned the daughter of Plaintiffs and relayed to her the Sheriff's concern for Mrs. Winn's welfare because of Mr. Winn's hostile and seemingly irrational behavior. However, the remaining allegations are denied.

34. In response to the allegations contained in Paragraph 34 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations contained in this paragraph. Therefore, out an abundance of caution, these allegations are denied.

35. In response to the allegations contained in Paragraph 35 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations contained in this paragraph. Therefore, out an abundance of caution, these allegations are denied.

36. In response to the allegations contained in Paragraph 36 of the Complaint, it is admitted that Mr. Winn and Captain Campbell attended a Harrison County Board of Supervisors meeting to discuss the Winns' allegations; however, it is specifically denied that Plaintiff did not receive a fair investigation into the alleged

incident by the Harrison County Adult Detention Center. In response to the remaining allegations contained in this Paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these allegations are denied.

37. In response to the allegations of Paragraph 37 of the Complaint, Defendants deny that they committed any act or omission which constituted a violation of Plaintiffs' constitutional or other rights, and accordingly all allegations in this paragraph, including its sub-parts are denied. Additionally, Defendants deny that they are liable to Plaintiff in any manner whatsoever. In response to sub-parts (A) through (M), Defendants will answer subsection by subsection as follows:

  A.   The allegations contained in Paragraph A are denied.

  B.   The allegations contained in Paragraph B are denied.

  C.   The allegations contained in Paragraph C are denied.

  D.   The allegations contained in Paragraph D are denied.

  E.   The allegations contained in Paragraph E are denied.

  F.   The allegations contained in Paragraph F are denied.

  G.   The allegations contained in Paragraph G are denied.

  H.   The allegations contained in Paragraph H are denied.

  I.   The allegations contained in Paragraph I are denied.

  J.   The allegations contained in Paragraph J are denied.

  K.   The allegations contained in Paragraph K are denied.

  L.   The allegations contained in Paragraph L are denied.

  M.   The allegations contained in Paragraph M are denied.

38. To the extent that the allegations contained in Paragraph 38 of the Complaint make any allegations of liability against these answering Defendants, said allegations are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied. Additionally, it is specifically denied that Plaintiff is entitled to punitive damages or any other damages whatsoever.

**PRAYER FOR RELIEF**

The allegations contained in the final unnumbered paragraph, beginning with the word "WHEREFORE," are denied and these answering Defendants specifically deny that the Plaintiffs are entitled to any relief whatsoever from these Defendants.

Defendants specifically deny each and every material allegation of the Complaint which was not specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

And now having fully answered the Complaint, paragraph by paragraph, the Defendants set forth the following affirmative defenses:

**AFFIRMATIVE DEFENSES**

**I.**

Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

**II.**

These Defendants plead all applicable privileges and immunities under both

state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign and absolute immunity. The Defendants, in their individual capacities, state that they are protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiffs' Complaint.

**III.**

To the extent the Complaint raises any claims under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; all limitations on liability contained therein; and all prohibitions against individual liability.

**IV.**

The Defendants specially plead Miss. Code Ann. § 11-46-9(l)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, . . . or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, . . . or other such institution where the claim is filed.

**V.**

Defendants specifically deny each and every material allegation of the Complaint

11

which has not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

## VI.

The Plaintiffs are prohibited from recovering punitive damages under federal law against a municipality.

## VII.

Defendants would show that the Complaint, to the extent that it seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi;

It further violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi;

It violates the Fourteenth Amendment as said Amendment guarantees Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing Defendants on the basis of wealth.

## VIII.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that

Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond reasonable doubt." Defendants would affirmatively show that Plaintiffs are not entitled to recover punitive damages against them pursuant to 42 U.S.C. § 1983.

**IX.**

Defendants or the Plaintiffs cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivation of which Plaintiffs complain, and therefore, they cannot maintain a claim against these Defendants pursuant to 42 U.S.C. § 1983.

**X.**

Defendants would affirmatively show that the Plaintiffs' damages were the result of Plaintiffs' own failure to obey the lawful orders given to them by law enforcement officers acting in their official capacities. By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiffs' own conduct was the proximate cause of any force which may have been used against them, and rendered any such force used entirely reasonable in light of the officers' own need to ensure their safety as well as to preserve order within the HCADC.

**XI.**

Defendants would show that Plaintiffs were afforded all protections due them by these answering Defendants under the United States Constitution and that any actions by these answering Defendants were reasonable, proper, and complied with any and all constitutional standards and that there was no violation whatsoever of any of Plaintiffs'

13

constitutional or other rights. These answering Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiffs, including any need for medical treatment. These answering Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, these answering Defendants would show that any and all policies and procedures pertaining to the operation of the staff of the HCADC were adequate, proper, reasonable and conformed with any and all constitutional standards and/or requirements.

**XII.**

Defendants would show that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendants would further show that they did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiffs nor did they respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

**XIII.**

The Defendants would show and aver that any damages incurred, the same being denied, were solely, directly and proximately the result of the negligent and/or intentional acts or omissions of Plaintiffs and/or persons other than the Defendants and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiffs and any and all injuries sustained by the Plaintiffs, if any, all of which are denied, and that these activities on the part of the Plaintiffs and/or other persons absolve the Defendants herein of any liability whatsoever. In the alternative,

14

the Plaintiffs' damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiffs' claims against the Defendants.

**XIV.**

That the damages alleged in the Complaint are speculative and are not recoverable.

**XV.**

That the Defendants reserve their right to setoff and/or credit for any sums paid to Plaintiff and arising out of this incident.

**XVI.**

Defendants further reserve the right to amend and supplement this Answer, Defenses and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Complaint, Defendants respectfully request that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this 10th day of October, 2007.

**HARRISON COUNTY SHERIFF'S DEPARTMENT, SHERIFF GEORGE PAYNE, JR., and PHIL TAYLOR, OFFICIALLY AND IN THEIR INDIVIDUAL CAPACITIES**

**BY: DUKES, DUKES, KEATING & FANECA, P.A.**

BY: *s/Cy Faneca*
     CY FANECA

CY FANECA,  MSB #5128
TRACE D. MCRANEY, MSB #9905
HALEY N. BROOM, MSB #101838
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 13th Street, Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502
Telephone - (228) 868-1111
Facsimile - (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> William M. Covington, III
> Perry & Covington, P.A.
> 2110 20th Street
> Gulfport, Mississippi 39501

This, the 10th day of October, 2007.

                                        *s/Cy Faneca*
                                        CY FANECA