IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANCES A. WINN AND
THOMAS J. WINN                                                          PLAINTIFF

VERSUS                                                         1:07-cv-1019LG-JMR

HARRISON COUNTY, MISSISSIPPI,
HARRISON COUNTY SHERIFF'S DEPARTMENT,
GEORGE PAYNE, individually, and in his
official capacity as Harrison
County Sheriff, RICK GASTON, individually
and in his official capacity, PHIL TAYLOR,
individually, and in his official capacity,
DIANNE GASTON-RILEY, individually, and
in her official capacity, STEVE CAMPBELL,
individually and in his official capacity,
and UNKNOWN DEFENDANTS 1-10                                            DEFENDANTS

### ANSWER AND DEFENSES TO THE COMPLAINT
### BY THE HARRISON COUNTY BOARD OF SUPERVISORS

COMES NOW the Defendant, The Harrison County Board of Supervisors (hereinafter "Board"), by and through its attorney of record, Karen J. Young, of the Meadow's Law Firm, and file its Answer and Defenses to the Complaint filed as follows, to-wit:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(B)(6).

### SECOND AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiffs, the existence thereof of which are denied, were the result of

inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers and pleads the doctrine of sovereign immunity against the claims of Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant is exempt as a governmental entity pursuant to Miss. Code Ann. § 11-46-9 (1972), specifically Sections 1(b), (c), (d), (g), (m), and (r).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is subject to the exclusive remedy provisions of Miss. Code Ann. §§ 11-46-7 and 11-46-15 (1972) (Supp. 1996). Plaintiff is not entitled to a trial by jury.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs sue for personal injuries, Defendant raises the defense Plaintiffs suffered from a pre-existing condition or conditions.

## SEVENTH AFFIRMATIVE DEFENSE

The subject of the Plaintiffs' Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by

this Defendant. The Defendant neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to 42 U.S.C. § 1983, and the Mississippi State Tort Claims Act, Plaintiffs cannot recover exemplary or punitive damages, attorney's fees, or pre-judgment interest.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to give statutory notice of his claim as required by Miss. Code Ann. § 11-46-11 (1972).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to follow the proper administrative remedies before filing their lawsuit.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the state and federal statutes of limitations, including, but not limited to, Miss. Code Ann. § 11-46-11 (1972).

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs have alleged violations under the Civil Rights Act, codified at 42 U.S.C. § 1983. Harrison County states that a governmental entity cannot be held liable for civil rights violations under the doctrine of Respondeat Superior, and Harrison County should be dismissed with prejudice in this cause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves and invokes all other rights and defenses available, including but not limited to, those set forth in Fed. R. Civ. P. 8(c) and 12(b).

**FOURTEENTH AFFIRMATIVE DEFENSE**

AND NOW, without waiving any other defense to which it is entitled, the Defendant answers the Complaint, paragraph by paragraph, as follows:

**PARTIES**

1. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1; therefore all allegations are denied.

2. Admitted.

3. Denied.

4. Admitted.

5. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5; therefore, all allegations are denied.

6. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6; therefore, all allegations are denied.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## **JURISDICTION**

13. Admitted.

## **VENUE**

14. Harrison County admits venue as proper in this District. The remaining allegations of Paragraph 14 are denied.

## **FACTS AND ALLEGATIONS**

15. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15; therefore, all are denied.

16. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16; therefore, all are denied.

17. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17; therefore, all are denied.

18. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18; therefore, all are denied.

19. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19; therefore, all are denied.

20. Harrison County is without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 20; therefore, all are denied.

21. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21; therefore, all are denied.

22. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22; therefore, all are denied.

23. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23; therefore, all are denied.

24. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24; therefore, all are denied.

25. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25; therefore, all are denied.

26. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26; therefore, all are denied.

27. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, therefore, all are denied.

28. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28; therefore, all are denied.

29. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29; therefore, all are denied.

30. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30; therefore, all are denied.

31. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31; therefore, all are denied.

32. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32; therefore, all are denied.

33. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33; therefore, all are denied.

34. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34; therefore, all are denied.

35. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35; therefore, all are denied.

36. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36; therefore, all are denied.

37. Each and every allegation in paragraph 37, including sub-paragraphs A-M are denied.

38. Denied.

39. Denied. Furthermore, Harrison County would state the Plaintiffs are not entitled to recover punitive damages against this Defendant because it would violate Section 28 of the Mississippi Constitution, provisions of the Constitution of the United States of America and pursuant to 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

Each and every allegation in the General Prayer for Relief is denied.

AND NOW, having filed its separate Answer to the Complaint, Harrison County moves this Court to Dismiss it with prejudice, with costs assessed against the Plaintiffs as provided by law.

RESPECTFULLY SUBMITTED, this the 14TH day of November, 2007.

                HARRISON COUNTY, BY AND THROUGH ITS
                DULY ELECTED BOARD OF SUPERVISORS

                BY:  MEADOWS LAW FIRM,
                      THEIR ATTORNEYS

                /s/ *Karen J. Young*
                KAREN J. YOUNG

JOSEPH R. MEADOWS, ESQ.
MSB 2826
KAREN J. YOUNG, ESQ.
MSB 6654
MEADOWS LAW FIRM
1902 - 21st AVENUE
POST OFFICE BOX 1076
GULFPORT, MS  39502
(228) 868-7717
(228) 868-7715 (FAX)
jmeadows@datasync.com

**CERTIFICATE OF SERVICE**

I, KAREN J. YOUNG, of Meadows Law Firm, do hereby certify that a true and correct copy of the foregoing Answer to Complaint was filed with the United States District Court with a copy being sent electronically to the following:

>William M. Covington, III, Esq.
>Perry and Covington, PA
>2110 20th Street
>Gulfport, MS 39501
>
>Martin Crump, Esq.
>2110 20th Street
>Gulfport, MS 39501
>
>Cy Faneca, Esq.
>P.O. Drawer W
>Gulfport, MS 39501

SO CERTIFIED this the 14TH day of November, 2007.

/s/ *Karen J. Young*
KAREN J. YOUNG

JOSEPH R. MEADOWS, ESQ.
MSB 2826
KAREN J. YOUNG, ESQ.
MEADOWS LAW FIRM
1902 - 21st AVENUE
POST OFFICE BOX 1076
GULFPORT, MS 39502
(228) 868-7717
(228) 868-7715 (FAX)
jmeadows@datasync.com