UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANCES A. WINN AND
THOMAS J. WINN                                                                PLAINTIFFS

v.                                                    CIVIL ACTION NO. 1:07cv1019LG-JMR

HARRISON COUNTY, MISSISSIPPI;
HARRISON COUNTY SHERIFF'S
DEPARTMENT; SHERIFF GEORGE PAYNE,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS HARRISON COUNTY SHERIFF;
RICK GASTON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; PHIL TAYLOR,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; DIANNE GATSON-RILEY,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY; STEVE CAMPBELL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; AND
UNKNOWN DEFENDANTS 1-10                                                   DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF MOTION OF DIANE GATSON RILEY AND STEVE CAMPBELL TO DISMISS FOR FAILURE TO SERVE WITHIN 120 DAYS

COMES NOW, Defendants, Diane Gatson Riley and Steve Campbell, by and through their attorneys of record, and appearing specially for the limited and sole purpose of submitting this, their Memorandum Brief in Support of Motion of Diane Gatson Riley and Steve Campbell to Dismiss for Failure to Serve Within 120 Days, pursuant to Fed. R. Civ. P. 4(m), would state as follows:

I.

The Complaint herein was filed on August 17, 2007, naming Diane Gatson Riley and Steve Campbell in their individual and official capacities, as Defendants. To date Diane Gatson Riley and Steve Campbell have not been served with a summons and a copy of

the Complaint in this matter.

II.

Fed. R. Civ. P. 4(m) which governs the time period in which to serve process states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 day period in which the Plaintiffs were required to properly serve process on Diane Gatson Riley and Steve Campbell expired on December 16, 2007. The Plaintiff did not file a motion for additional time to serve Diane Gatson Riley or Steve Campbell before the December 16, 2007 deadline, setting out good cause as to why service of process could not be served on the Defendants within the 120 day period prescribed by Rule 4 (m). The Fifth Circuit Court of Appeals has held that "to establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. U.S. Dept. Of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990).

In the case at bar, the Plaintiffs cannot show good cause for their failure to serve Diane Gatson Riley or Steve Campbell, Jr. within 120 days of the filing of the Complaint.

## **CONCLUSION**

Two Hundred and Thirty-Three (233) days have passed since the plaintiffs' December 16, 2007 deadline for service of process on Diane Gatson Riley and Steve

Campbell within One Hundred and Twenty (120) days as required by Fed.R.Civ.P 4(m). The Plaintiffs cannot establish good cause for their failure to serve Diane Gatson Riley or Steve Campbell.  As such, pursuant to Rule 4(m), the Plaintiff's Complaint should be dismissed, without prejudice, as to Diane Gatson Riley and Steve Campbell.

Respectfully submitted, this the 6th day of August, 2008.

DIANE GASTON RILEY AND STEVE CAMPBELL.

**BY: DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   *s/Cy Faneca*
        Cy Faneca

Cy Faneca,  MSB #5128
Joe C. Gewin MSB #8851
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

## CERTIFICATE OF SERVICE

      I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Thomas Winn
Frances Winn
7488 Thompson Road
Long Beach, MS 39560

This, the 6TH day of August, 2008.

      *s/Cy Faneca*
      CY FANECA