**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **FRANCES A. WINN, and** <br> **THOMAS J. WINN** | **PLAINTIFFS** |
| **VERSUS** | **CIVIL ACTION NO. 1:07cv1019-LG-JMR** |
| **HARRISON COUNTY, MISSISSIPPI;** <br> **HARRISON COUNTY SHERIFF'S** <br> **DEPARTMENT; SHERIFF GEORGE PAYNE,** <br> **INDIVIDUALLY AND IN HIS OFFICIAL** <br> **CAPACITY; RICK GASTON, INDIVIDUALLY** <br> **AND IN HIS OFFICIAL CAPACITY; PHIL** <br> **TAYLOR, INDIVIDUALLY AND IN HIS** <br> **OFFICIAL CAPACITY; DIANNE GASTON-** <br> **RILEY, INDIVIDUALLY AND IN HER** <br> **OFFICIAL CAPACITY; STEVE CAMPBELL,** <br> **INDIVIDUALLY AND IN HIS OFFICIAL** <br> **CAPACITY; and UNKNOWN DEFENDANTS** <br> **1-10** | **DEFENDANTS** |

**REPORT & RECOMMENDATION**

This matter comes before the Court pursuant to Defendants Rick Gaston, Dianne Gaston-Riley and Steve Campbell's Motions [30-1; 34-1] to Dismiss for Failure to Serve Within 120 Days. In their Motions [30-1; 34-1] to Dismiss, Defendants Gaston, Gaston-Riley, and Campbell allege that Plaintiffs failed to serve them with summonses and copies of the Complaint within the period prescribed by Fed. R. Civ. P. 4(m).

Plaintiffs filed their Complaint [1-1] on August 17, 2007, and filed an Amended Complaint [3-1] on August 21, 2007. Summonses were issued as to Defendants Payne, Taylor, Gaston, Gaston-Riley, and the Harrison County Sheriff's Office on August 17, 2007.[1] However, the record indicates that no summons was ever executed and returned as to Defendants Gaston, Campbell and Gaston-

---

[1] The record indicates that no summons was ever issued as to Defendant Steve Campbell.

Riley. On August 6, 2008, Defendants Gaston-Riley and Campbell filed a Motion [30-1] to Dismiss for Failure to Serve within 120 Days. On August 17, 2008, Defendant Gaston filed his Motion [34-1] to Dismiss for Failure to Serve Within 120 Days.

Out of an abundance of caution, the Court entered an Order [37-1] to Show Cause requiring Plaintiffs to present good cause as to why the Court should not dismiss this action for failure to comply with the service provisions of Fed. R. Civ. P. 4(m). On September 1, 2008, Plaintiffs filed a Response [46-1] to the Court's Order and indicated that they did not object to the dismissal of Defendants Campbell, Gaston, and Gaston-Riley.

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a Plaintiff can show good cause for failing to serve a defendant, the court must allow additional time to effect service. *Id.* The record indicates that, to date, Plaintiffs have failed to serve Defendants Dianne Gaston-Riley, Steve Campbell and Rick Gaston with process. Additionally, Plaintiff's responded to the Court's Order [37-1] to Show Cause and essentially stated that they did not oppose Defendants' Motions [30-1; 34-1] to Dismiss.

Based on the foregoing, this Court is of the opinion that Plaintiffs have failed to comply with Rule 4(m), and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, the Court recommends that Defendants' Motions [30-1; 34-1] to Dismiss pursuant to Rule 4(m) be granted.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate

Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the  14th  day of October, 2008.

*s/ John M. Roper, Sr.*

CHIEF UNITED STATES MAGISTRATE JUDGE