# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANCES A. WINN and THOMAS J. WINN § § § | | PLAINTIFFS |
| V. § § | CAUSE NO. 1:07CV1019-LG-JMR | |
| HARRISON COUNTY, MISSISSIPPI, et al. § | | DEFENDANTS |

## **MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

BEFORE THE COURT are Defendants Harrison County Sheriff's Department, George Payne, Jr., and Phil Taylor's Motions for Qualified Immunity and Summary Judgment [69, 71]. Defendant Harrison County has joined in the motions. Plaintiffs Frances A. and Thomas J. Winn instituted this 42 U.S.C. § 1983 action for alleged abuse arising out of their confinements in the Harrison County Adult Detention Center ("HCADC"). Defendants argue (1) the Sheriff's Department is not a distinct legal entity, (2) there is no constitutional violation, (3) there is no moving force policy or custom behind any alleged constitutional violation, and (4) Payne and Taylor are entitled to qualified immunity. The Winns have elected to not respond to the pending motions. The Court has reviewed the parties' submissions and the relevant legal authority. The motion for summary judgment is granted, and the motion for qualified immunity is denied as moot.

## **FACTS AND PROCEDURAL HISTORY**

On April 16, 2005, the Winns were arrested for domestic violence by Officer Charles Overstreet. Mr. Winn was taken to the HCADC right away, while Mrs. Winn, complaining of shortness of breath, was taken to Memorial Hospital at Gulfport.

Mr. Winn arrived at the HCADC at approximately 5:30 p.m. He was booked and placed in a holding cell in the booking area. Mrs. Winn arrived at the jail at approximately 6:45 p.m. Because Overstreet indicated that she had made suicidal statements, she was made to change into a suicide gown. Deputy Regina Rhodes began the booking process, but Mrs Winn refused to to be photographed or fingerprinted. She was then placed alone into a holding cell across from the booking desk.

The Winns posted bond just after 8:00 p.m. Mr. Winn was released. Mrs. Winn remained in her holding cell until just before 4:00 a.m. She was then transferred to the jail's general population. At approximately 8:15 a.m., on April 17, she was released. It is disputed whether she was held even after she was photographed and fingerprinted.

The next day, Mrs. Winn went to hospital complaining of abuse at the jail. Mr. Winn filed a complaint with the Sheriff's Department. The Sheriff responded by asserting that nothing had happened. At the time of the incident, Payne was the Sheriff of Harrison County, and Phil Taylor was the Training Director at the HCADC.

The Winns then filed this action under §1983, and they disavow any state law claims. The Sheriff's Department, Payne and Taylor filed the present motion on December 16, 2008. The motion was not served on the Winns at that time. On April 9, 2009, Movants served the motion and brief on the Winns and requested that the Court extend the deadline and allow them to respond. The Winns acknowledged that they received the motion but said that they did not need to respond. However, on April 20, they filed a sur-reply and "again request that the Defendants request for Summary Judgment be denied. And that the Plaintiffs be allowed to present their case to a jury. We also again asked to be allowed to present our evidence and

exhibits as allowed by law." (Pls.' Sur-Reply to Mot. Extend Deadline). They did not address the summary judgment on the merits or present competing evidence to demonstrate a genuine issue of material fact. On the morning of April 24, this Court held a Pre-Trial/Status Conference in this matter. Since the Plaintiffs were proceeding pro se, the Court discussed briefly advised the Winns of the need to respond to a Rule 56 motion for summary judgment. The Winns advised the Court that they needed an additional five days to respond to the Motions. The Court granted the request and gave them until May 1 to properly respond to the Motion for Summary Judgment. The Court also gave the Plaintiffs time in which to consider whether they should seek the assistance of counsel or continue to represent themselves. Harrison County joined in the present motion for summary judgment.

Plaintiffs subsequently filed a Motion to Allow Plaintiffs to Represent Themselves, which this Court granted by text order. Plaintiffs simultaneously filed a Motion to Withdraw Opposition to Defendants' Request for Summary Judgment. Consequently, the Court finds the current motion for summary judgment is ripe for a decision.

## DISCUSSION

<u>STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:</u>

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the

suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

PLAINTIFFS' CLAIMS

Mrs. Winn claims her constitutional rights were violated when she was subject to a strip and cavity search in the presence of male jailers, harassment, unlawful detention, excessive force, and failure to provide medical attention, water and food. As a result, Mrs. Winn claims to have sustained multiple contusions, scrapes and Post-Traumatic Stress Disorder. Mr. Winn claims emotional distress when he witnessed this conduct and reported it. The Winns also allege a conspiracy to deprive them of their constitutional rights and failure to prevent the conspiracy. Movants argue that the Sheriff's Department is not a proper defendant and that Payne and Taylor are entitled to qualified immunity, summary judgment on the merits, and dismissal in their official capacities.

SHERIFF'S DEPARTMENT

The Sheriff Department's capacity to be sued is determined by Mississippi law. FED. R. CIV. P. 17(b)(3). In Mississippi, a Sheriff's Department is not a separate legal entity which may be sued. *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (Mississippi Tort Claims Act). "[T]he Sheriff's Department does not enjoy a separate legal existence, apart from [the]

4

County." *Id.* Thus, the Sheriff's Department is entitled to dismissal.

<u>Payne and Taylor's Official Capacities and Harrison County</u>

A claim brought against a government employee in his official capacity is actually a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A municipality may be held liable under 42 U.S.C. § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the Constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to prove their official capacity claims the Winns must prove (1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The Complaint alleges, "an abusive and recklessly brutal environment at the Harrison County Adult Detention Center, previously well-known to Defendants, which ultimately resulted in injuries to Plaintiffs." (Compl. at 12 (¶37(M)). The Complaint also alleges negligent hiring, training and retention caused their injuries. Defendants argue there is no proof of a policy or custom which was the moving force behind a constitutional violation.

"Official policy is ordinarily contained in duly promulgated policy statements, ordinances, or regulations." *Piotrowski*, 273 F.3d at 579. A custom is a "persistent, widespread practice of [government] officials or employees, which, although not officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* "Actual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-

5

making authority." *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984). Sheriff Payne was Harrison County's final policy maker for all law enforcement decisions made at the HCADC. *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). Where the policy is facially constitutional, the plaintiff must also prove that "it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579 (quoting *Bd. of the Comm'rs of Bryan County, Okla., v. Brown*, 520 U.S. 397, 407 (1997)).

Assuming that there was a custom of abuse, there must be evidence which links it to Sheriff Payne. He must have promulgated it or had actual or constructive knowledge of it. Plaintiffs have failed to point out, neither is there as any evidence in the record that tends to show that there were widespread instances of abuse. There is no evidence on this record that there was even one instance of abuse of which the Sheriff had actual or constructive knowledge. There is no evidence that he learned that the Winns' rights were violated and nevertheless ratified that conduct. *Cf.*, *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 171 (5th Cir. 1985). Even assuming that Mrs. Winn was purposely pushed down, the only other alleged instance of abuse is that a male deputy pushes another Booking area inmate down, unprovoked, some six hours after Mrs. Winn. Thus, there is no genuine issue of material fact as to whether Sheriff Payne had actual or constructive knowledge of any abusive customs nor whether this was the driving force behind the alleged treatment she received. As the Court attempted to explain to the Winns at the status conference, pleadings are not competent summary judgment evidence. *Wallace v. Texas Tech University,* 80 F.3d 1042, 1047 (5th Cir. 1996).

The same is true regarding the alleged policy of negligent hiring, training and retention.

6

First, there is no evidence that any hiring decision was negligently made. As for negligent training and retention, since there is no pattern of similar complaints nor of abuse proven, then the Winns cannot show that Harrison County, acting through Sheriff Payne and Taylor, was deliberately indifferent to the need for more training or the need to fire certain deputies. *See*, *Piotrowski*, 237 F.3d at 582 (failure to discipline). Thus, Harrison County and Payne and Taylor, in their official capacities, are entitled to summary judgment.

PAYNE AND TAYLOR'S INDIVIDUAL CAPACITIES

"Although supervisory officials cannot be held liable under § 1983 on a theory of respondeat superior, they may be liable if their own action or inaction, including a failure to properly supervise, amounts to gross negligence or deliberate indifference which is the proximate cause of a constitutional violation." *Cantu v. Rocha*, 77 F.3d 795, 807 (5th Cir. 1996). To prove Payne and Taylor were deliberately indifferent, the Winns must prove both defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and both must actually draw that inference. *Estate of Davis v. City of N. Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Payne and Taylor argue that none of their conduct caused the alleged incidents, and they did not act with deliberate indifference. Additionally they claim qualified immunity.

It is undisputed that Payne and Taylor were not personally involved in the incidents at issue. As previously stated, there is no evidence that either Sheriff Payne or Taylor made any wrong hiring decision. There is further no evidence that they failed to train or fire certain deputies nor that they were deliberately indifferent to a substantial risk of serious harm. There is no evidence that they had actual or constructive knowledge of any prior incidents, nor that they

7

ratified such conduct. Therefore, they are entitled to summary judgment in their individual capacities.

Because there is no evidence that they violated the Winns' constitutional rights, the Court need not examine Payne and Taylor's claims of qualified immunity.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendants' [69] Motion for Summary Judgment is **GRANTED**. All claims against the remaining Defendants are dismissed with prejudice. A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants George Payne and Phil Taylor's [71] Motion for Qualified Immunity is **DENIED** as moot**.**

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2009.

                                                      s/ *Louis Guirola, Jr.*
                                                     LOUIS GUIROLA, JR.
                                                     UNITED STATES DISTRICT JUDGE